IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AUSTIN GOLLIHAR,

        Plaintiff,                  No. CIV S-06-0433 LKK EFB P

    vs.

SAN JOAQUIN COUNTY JAIL, et al.,

        Defendants.            ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with an action filed pursuant to 42 U.S.C. § 1983. By order filed September 7, 2006, plaintiff's complaint was dismissed with leave to file an amended complaint, because, although plaintiff had stated a claim upon which relief may be granted, he did not name individual defendants who allegedly are responsible for violating his constitutional rights. On September 14, 2006, plaintiff filed a document styled as an amended complaint but which, like his initial complaint, also fails to name individual defendants allegedly responsible for violating his constitutional rights. Plaintiff will be given one further opportunity to amend his complaint.

        If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The second amended

1

complaint must also allege, in specific terms, how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed;

2. The Clerk of the Court is directed to send to plaintiff a copy of the court's form for filing a civil complaint; and

3. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint;

////

////

failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: November 13, 2006.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE