IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AUSTIN GOLLIHAR,

       Plaintiff,                   No. CIV S-06-0433 LKK EFB P

    vs.

SAN JOAQUIN COUNTY JAIL, et al.,

       Defendants.            ORDER

/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed September 7, 2006, plaintiff's complaint was dismissed with leave to file an amended complaint, because, although plaintiff had stated a claim upon which relief may be granted, he did not name individual defendants who allegedly are responsible for violating his constitutional rights. On September 14, 2006, plaintiff filed a document styled as an amended complaint but which also failed to name individual defendants allegedly responsible for violating his constitutional rights. By order filed November 14, 2006, plaintiff was given a further opportunity to amend his complaint.

       On November 21, 2006, plaintiff wrote to the court explaining that, although he had attempted to ascertain the names of the individuals at the San Joaquin County Jail against whom he may state a claim, he has been unable to do so. The court appreciates the difficulty plaintiff

1

1 has had in amending his complaint according to the court's instructions. It is clear from
2 plaintiff's previously filed pleadings that plaintiff is attempting to state a claim against San
3 Joaquin County for allegedly maintaining a policy of not providing mental health services to
4 suicidal individuals and for allegedly subjecting him to unconstitutional conditions of
5 confinement. Plaintiff has yet to file a comprehensive complaint that both alleges his claims and
6 names San Joaquin County as defendant.

7 "A local government entity is liable under § 1983 when 'action pursuant to official
8 municipal policy of some nature cause[s] a constitutional tort.'" *Oviatt v. Pearce*, 954 F.2d
9 1470, 1473-74 (9th Cir.1992) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).
10 In addition, a local governmental entity may be liable if it has a "policy of inaction and such
11 inaction amounts to a failure to protect constitutional rights." *Id*. at 1474 (citing *City of Canton
12 v. Harris*, 489 U.S. 378, 388 (1989)); see also *Monell*, 436 U.S. at 690-91. The custom or policy
13 of inaction, however, must be the result of a "conscious," *City of Canton*, 489 U.S. at 389, or
14 "'deliberate choice to follow a course of action ... made from among various alternatives by the
15 official or officials responsible for establishing final policy with respect to the subject matter in
16 question.'" *Oviatt*, 954 F.2d at 1477 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469,
17 483-84 (1986) (plurality opinion)).

18 Plaintiff has not indicated whether, at the time the alleged harms arose, he was a pretrial
19 detainee or a convicted inmate at the county jail, or whether he suffered the alleged violations
20 before and after conviction. If plaintiff elects to amend his complaint, plaintiff should indicate
21 his status to assist the court and defendants in ascertaining legal standards applicable to his
22 claims.

23 Plaintiff must also specify the relief that he seeks. Fed. R. Civ. P. 8(a). Plaintiff may sue
24 for money damages, but because plaintiff is no longer housed at the San Joaquin County Jail,
25 plaintiff's demand for injunctive relief is moot; i.e., there no longer is any effective relief the
26 court can grant plaintiff with respect to the violations he alleges. A claim for injunctive relief

1  brought under 42 U.S.C. § 1983 is moot if plaintiff is no longer subject to the alleged illegal
2  conduct. *Wiggins v. Rushen*, 760 F.2d 1009 (9th Cir.1985). In *Wiggins*, a prisoner brought an
3  action under 42 U.S.C. § 1983 claiming that the access to the law library at California Training
4  Facility at Soledad was unconstitutionally inadequate. While the case was pending, Wiggins
5  was transferred to another prison. Defendants then filed a motion to dismiss the case for
6  mootness, which was denied by the district court. The Ninth Circuit reversed, holding that since
7  Wiggins had been transferred and was no longer subject to the illegal activity, his complaint for
8  an injunction was moot. Similarly, plaintiff here has been transferred from San Joaquin County
9  Jail to Deuel Vocational Institution, and the illegal activity of which he complained – not
10 receiving mental health counseling even though he was placed on suicide watch – has
11 necessarily ended. Plaintiff may, therefore, only seek money damages in this action.

12         Plaintiff is cautioned that the court cannot refer to a prior pleading in order to make
13 plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint
14 be complete in itself without reference to any prior pleading. This is because, as a general rule,
15 an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57
16 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer
17 serves any function in the case. Therefore, in an amended complaint, as in an original complaint,
18 each claim and the involvement of each defendant must be sufficiently alleged.

19         In accordance with the above, IT IS HEREBY ORDERED that:
20         1. The Clerk of the Court is directed to send to plaintiff a copy of the court's form for
21 filing a civil complaint; and
22         2. Plaintiff is granted thirty days from the date of service of this order to file a third
23 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
24 Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must
25 bear the docket number assigned this case and must be labeled "Third Amended Complaint";
26 plaintiff must file an original and two copies of the third amended complaint; failure to file a

1  third amended complaint in accordance with this order will result in a recommendation that this
2  action be dismissed.
3  DATED: October 18, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4